IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

BARRETT GREEN, #245 124                 *

    Plaintiff,                          *

    v.                                  *       2:10-CV-436-ID
                                                (WO)
DIXIE C. BOUTWELL, *et al.*,            *

    Defendants.                         *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se,* files this 42 U.S.C. § 1983 action seeking to challenge matters associated with his criminal proceedings in the Circuit Court for Pike County which occurred primarily in 2009. According to the complaint, Plaintiff alleges that errors of constitutional magnitude exist in the court reporter's transcript of his 2009 criminal court proceedings. He further contends that he was appointed counsel without requesting such appointment and that counsel performed ineffectively.  Plaintiff files this complaint against attorney William Moore, the Honorable Thomas Head, III, and court reporter Dixie Boutwell.  He requests that his sentence be vacated, that he be given a polygraph test, a copy of the transcript of court proceedings transcribed on March 17, 2 009, and a copy of the permanent record in his case, and that his entire case be thrown out on constitutional violations. Upon review of the complaint, the court concludes that dismissal of Plaintiff's

complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

*A. Judge Thomas Head*

Plaintiff challenges actions taken by Judge Head during his 2009 criminal court proceedings. To the extent Plaintiff seeks declaratory relief from adverse decisions issued by Judge Head in the state criminal proceedings over which this defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.

"The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*,

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for declaratory relief with respect to actions undertaken by Judge Head during matters related to Plaintiff's criminal court proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

### B. William Moore, Esq.

Plaintiff complains that William Moore, the attorney appointed to represent him in his Pike County criminal proceedings, provided ineffective assistance of counsel during the those proceedings. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University*

*Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Defendant Moore are frivolous because they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. Such claims are, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## C. The Challenge to Plaintiff's Confinement

Plaintiff asserts a challenge to the veracity and/or reliability of transcription records of criminal court proceedings which were transcribed in March 2009. Plaintiff's allegations essentially seek to challenge the fundamental legality of his confinement, and, consequently, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless

and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  *Id*. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*.  Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*.

at 649.

Plaintiff's claims represent a challenge to the constitutionality of his incarceration stemming from his 2009 criminal court proceedings. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of his conviction and/or sentence resulting from those proceedings. It is clear from the complaint that the conviction and/or sentence about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction and/or sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) (dismissing, under *Heck*, *Bivens* claim that defendants conspired to ensure civil action plaintiff's conviction by fabricating testimony and other evidence in criminal trial); *St. Germain v. Isenhower*, 98 F. Supp.2d 1366, 1372 (S.D. Fla. 2000) (civil action plaintiff's claim that defendants arranged for preparation of transcripts that were false is the type of claim that *Heck* bars if the underlying conviction has not been set aside); *see also Tedford v. Hepting*, 990 F.2d 745, 749 (3rd Cir. 1993) (where § 1983 plaintiff sought a declaration that his constitutional rights on appeal were violated as a result of falsification of transcripts, court held plaintiff's civil rights suit was "a direct challenge to the validity of his conviction and the legality of plaintiff's

confinement"); *Scruggs v. Moellering*, 870 F.2d 376, 378 (7th Cir. 1989) (upholding dismissal of § 1983 claim for injunction requiring judge and court reporter to provide accurate trial transcripts on ground suit was an improper use of § 1983 where plaintiff sought injunction solely to facilitate attack on his conviction); *Wilcox v. Miller*, 691 F.2d 739, 741 (5th Cir. 1982) (claim that trial transcript was altered to assure affirmance of defendant's conviction on appeal "would seem to challenge the validity of his conviction").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendants Thomas Head, and William Moore be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's challenge to the constitutionality of his conviction and/or sentence entered against by the Circuit Court for Pike County be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3. This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 9, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous,

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of September 2010.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE